By the bill of exceptions, taken at the trial in the County Court, it appears the plaintiff’s counsel produced in evi *478 dence the following award, viz.11 We, the subscribers, having been mutually chosen by Messrs. Oliver and Thompson, and Messrs. Heap and Allen, to settle and determine a dispute subsisting between them relative to returns for a shipment of flour made by the latter in the ship Hero, owned by the former, and consigned to Mr. Hugh Thompson, partner in the house; ha'Ving carefully examined the different papers, and heard the allegations of both parties, do award and determine, that the rum shipped on board the said ship Hero was contrary to the order of Heap and Allen; and had they at- once refused to take it on their account, then it must have been at the risk of Oliver and Thompson; but as it appears to us, from the affidavit of Mi*. Glass, who waited on Mr. Heap by order of Mr. Oliver, prior to any insurance being effected on the Vessel or cargo in this place, and received for answer, that they, Heap and Allen, did not know whether they would take the rum or not $ which was by no means decisive, and thereby Messrs. Oliver and Thompson were precluded from making insurance on account of the shipment. We are therefore clearly of opinion, that the said sixteen hogsheads of rum should be considered as the property of Heap and Allen, and on their account and risk. And it further appears to us, from a statement of the settlement of loss by the underwriters in Philadelphia, which has been produced, that the said rum is subject to a partial and general average loss, amounting to 39l. 2s. 7 1-2d. per cent.; which on 235l. 5s. 3d. cost of rum, amounts to 92l. 4s. 8d.; from which deducting a balance due Heap and Allen, agreeable to their statement, of 38l. Is. 4d. they remain in debt to Messrs. Oliver and Thompson 58l. 8s. 4d, current money of Maryland.” Which award was signed by the arbitrators.
Thereupon the defendant’s counsel interposed, and prayed the direction of the Court to the Jury, that, according to the state of facts contained in the said award, the rum was not, in contemplation of law, at any time the prqperty of the *479 said Heap and Allen, and not shipped at their risk; and, therefore, as the arbitrators have mistaken the inference of law, that the said award is void. The Court accordingly declared their opinion, that the said award was void, and gave their direction to the Jury as prayed.
Smith and Robinson, for the appellants.
Martin (Attorney-General) and Hollingsvjorth, for the appellee.
The defendant’s counsel excepted. And on appeal to the General Court, the judgment of the County Court was affirmed.